UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 2:09-cr-49-FtM-29SPC

NANCY LUGO
_____

**OPINION AND ORDER**

On January 6, 2010, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #33) to the Court recommending that Defendant's Motion to Suppress Statements and Physical Evidence (Doc. #22) be denied. Defendant filed Objections (Doc. #35) on January 20, 2010. For the reasons set forth below, the objections are overruled.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of

Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

Defendant summarily objects to the magistrate judge's findings and recommendations with regard to the stop of her vehicle, her detention after the stop, the search of her vehicle, and any statements she made following such purportedly illegal conduct. (Doc. #35, p. 6.)  After reviewing the Report and Recommendation and the record, the Court agrees with the findings and conclusions of the magistrate judge as to these issues, and therefore adopts those portions of the Report and Recommendation.

Additionally, the objections contain a more extended discussion of whether defendant's rights under Miranda v. Arizona, 384 U.S. 436 (1966), were violated.  Defendant argues that her Miranda rights were violated because she was interrogated about a robbery without being advised of her Miranda rights "after she was pulled over by a police officer, patted down for weapons, placed in the back seat of a patrol car, determined to be a suspect in the robbery, and not allowed to leave."  (Doc. #35, p. 1.)

It is well-settled, and not disputed in this case, that the Miranda warnings are only required in connection with "custodial interrogation."  The question asked by the officer in this case--

"Were you involved in this bank robbery?"—was clearly "interrogation" within the meaning of Miranda, as was found by the magistrate judge. (Doc. #33, p. 20.) The disagreement lies in whether this interrogation occurred while defendant was in "custody" within the meaning of Miranda.

The standard for determining "custody" in the Miranda context is well-settled. "Although the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' for purposes of receiving . . . Miranda protection, the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125 (1983) (citing Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (internal quotations omitted)). Thus, the Supreme Court stated that "[i]t is settled that the safeguards prescribed by Miranda become applicable as soon as a suspect's freedom of action is curtailed to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (citing Beheler, 463 U.S. at 1125) (internal quotations omitted)). See also Stansbury v. California, 511 U.S. 318, 322 (1994) (per curiam). The Eleventh Circuit has summarized the relevant legal principles as follows:

> A defendant is in custody for the purposes of Miranda when there has been a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. Whether a suspect is in custody depends on whether under the totality of the circumstances, a reasonable man in his position would feel a restraint on his freedom of movement to such extent that he would not

> feel free to leave. The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant. Under the objective standard, the reasonable person from whose perspective "custody" is defined is a reasonable innocent person. In applying this test there are several factors we are to consider, including whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled. It is a totality of the circumstances determination.

United States v. Street, 472 F.3d 1298, 1309 (11th Cir. 2006) (internal citations and quotations omitted).

While the Report and Recommendation correctly sets forth the test for custody (Doc. #33, p. 21), defendant criticizes its citation of Berkemer v. McCarty, 468 U.S. 420 (1984), because that case involved a routine traffic stop instead of a Terry[1] stop, as was involved in her case. While Berkemer did indeed involve a routine traffic stop, it also clearly and succinctly stated the settled test for determining "custody" in the context of Miranda. Additionally, the Supreme Court drew upon its Terry stop principles in helping to resolve the "custody" issue. Thus, Berkemer stated:

> In both of these respects, the usual traffic stop is more analogous to a so-called "Terry stop" than to a formal arrest. Under the Fourth Amendment, we have held, a policeman who lacks probable cause but whose observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion. The stop and inquiry must be reasonably related in scope to the justification for their initiation. Typically, this means that the officer may ask the detainee a moderate number of questions to determine his identity

---

[1] See Terry v. Ohio, 392 U.S. 1 (1968).

> and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released. The comparatively nonthreatening character of detentions of this sort explains the absence of any suggestion in our opinions that <u>Terry</u> stops are subject to the dictates of <u>Miranda</u>. The similarly noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not "in custody" for the purposes of <u>Miranda</u>.

<u>Berkemer</u>, 468 U.S. at 439-40 (internal footnotes, citations, and quotations omitted).

The Court disagrees with defendant's assertion that the questioning changed from a <u>Terry</u> investigation to a full-blown arrest once the officer made the decision that defendant was a suspect and she could not leave. (Doc. #35, p. 4.) A person is not free to leave during a <u>Terry</u> detention, so that factor alone does not establish an arrest. Additionally, <u>Beckwith v. United States</u>, 425 U.S. 341 (1976), rejected the notion that the "in custody" requirement was satisfied merely because the police interviewed a person who was the focus of a criminal investigation. Upon reviewing all of the circumstances, as summarized in the Report and Recommendation at pages 21-22, the Court agrees that defendant was not restrained to the degree associated with a formal arrest at the time the officer asked if she was involved in the bank robbery. Therefore, this objection is overruled, the Court will adopt the Report and Recommendation, and will deny the motion to suppress.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #33) is **ACCEPTED AND ADOPTED**, and it is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress Statements and Physical Evidence (Doc. #22) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of January, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record
DCCD